# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA REFUGIO CISNEROS DE RIOS, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A. BERRYHILL, Acting Commissioner of Social Security, <br><br> Defendant. | **16-cv-1775 GSA** <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** <br><br> **(Doc. 15)** |

## INTRODUCTION

On November 22, 2016, Plaintiff filed this action challenging the Commissioner of Social Security's ("Commissioner") denial of her Social Security benefits. (Doc. 1). The Commissioner lodged the administrative record on April 12, 2017. (Doc. 9). Plaintiff's Opening Brief was due on August 18, 2017. (Doc. 14). On August 18, 2017, Monica Perales, Plaintiff's counsel, filed a Motion to Withdraw as Attorney advising the Court that she has been unable to reach Plaintiff since May 15, 2017, despite several efforts to contact her via by phone and via mail. (Doc. 15). On August 23, 2017, this Court advised Plaintiff that any opposition to the motion shall be filed no later than **September 22, 2017**, and that a failure to respond would result in the granting of the motion. (Doc. 16). Both the Motion to Withdraw as Counsel and this Court's Order was served on Plaintiff at her last known address. (Doc. 15, pgs. 5-6). To date, neither Plaintiff, nor the Commissioner, has filed an Opposition to the motion.

1

**DISCUSSION**

Local Rule 182(d) provides that an attorney who has appeared on behalf of a client may not withdraw, leaving the client *in propria persona*, without leave of court. The rule further states that "[w]ithdrawal of an attorney is governed by the Rules of Professional Conduct of the State Bar of California" ("CRPC"). The California Rules of Professional Conduct are interpreted according to California law. *See Image Technical Services, Inc. v. Eastman Kodak Co.*, 820 F.Supp. 1212, 1215 (N.D. Cal. 1993).

Permissive withdrawal of an attorney, which is at issue here, is addressed by Rule 3-700(C) of the California Rules of Professional Conduct. Rule 3-700(C) provides that an attorney may request permission to withdraw if the client "renders it unreasonably difficult for the [attorney] to carry out the employment effectively." CRPC, Rule 3-700(C)(1)(d). The decision to grant or deny a motion to withdraw as counsel is committed to the sound discretion of the trial court. See *United States v. Carter*, 560 F.3d 1107, 1113 (9th Cir. 2009); *Washington v. Sherwin Real Estate, Inc.*, 694 F.2d 1081, 1087 (7th Cir. 1982); *Rus, Millband & Smith v. Conkle & Olesten*, 113 Cal.App.4th 656, 673 (2003); *Estate of Falco*, 188 Cal.App.3d 1004, 1014 (1987) ("To protect the best interests of the client, a trial court should have broad discretion in allowing attorneys to withdraw."). However, withdrawal is only proper if the client's interest will not be unduly prejudiced or delayed. *Ramirez v. Sturdevant*, 21 Cal.App.4th 904, 915 (1994) (an attorney may not withdraw "at a critical point and thereby prejudic[e] the client's case"); also see Cal. R. Prof. Conduct 3–700(A) ("a member shall not withdraw from employment until the member has taken reasonable steps to avoid reasonably foreseeable prejudice to the rights of the client").

Here, Plaintiff is no longer communicating with counsel, and Ms. Perales is no longer able to effectively represent Plaintiff's interests. Therefore, Ms. Perales has demonstrated good cause

to withdraw as counsel. In order to avoid prejudice, counsel will be directed to forward the administrative record and all of the pleadings to Plaintiff. The Court will also extend the deadline for the filing of Plaintiff's Opening Brief to allow Plaintiff additional time to prepare her case.

**ORDER**

The Motion to Withdraw as Counsel is GRANTED and Plaintiff is SUBSTITUTED in as counsel in *pro se*. Ms. Perales SHALL to provide Plaintiff with the complete administrative record and all pleadings on or before **October 20, 2017**. Plaintiff SHALL file her Opening Brief no later than **November 24, 2017.** Plaintiff is cautioned that she no longer has the assistance of an attorney. She may wish to seek further legal assistance. If Plaintiff does not retain another attorney to represent her, she is responsible for complying with all Court rules and applicable laws, including filing her Opening Brief. **Failure to do so, or failing to timely comply with any order of this Court (including this order) will result in dismissal of the action**.

As per Ms. Perales, Plaintiff's last known address is **216 North East Fourth Street, Visalia, California 93291. Plaintiff's telephone number is (559) 723-6732**. The Clerk of the Court shall update Plaintiff's address on the docket and serve a copy of this order on Plaintiff at the above address. Plaintiff shall contact the Court immediately if the address listed above is not correct.

IT IS SO ORDERED.

    Dated:   **October 5, 2017**            **/s/ Gary S. Austin**
                                                               UNITED STATES MAGISTRATE JUDGE