# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA REFUGIO CISNEROS DE RIOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | 16-cv-1775 GSA<br><br>**ORDER TO SHOW CAUSE WHY THIS CASE SHOULD NOT BE DISMISSED FOR FAILULRE TO FOLLOW A COURT ORDER** |

On July 21, 2017, the Court issued an order extending the time to August 18, 2017, for Plaintiff to file her Opening brief. (Doc. 14). On August 18, 2017, Plaintiff's counsel filed a Motion to Withdraw as Attorney (Doc. 15), advising the Court that she has been unable to reach Plaintiff since May 15, 2017, despite several efforts to contact her. On August 23, 2017, this Court ordered Plaintiff to respond to counsel's motion no later than September 22, 2017. (Doc. 16). Plaintiff never filed a response to the motion as ordered. The Motion to Withdraw as Counsel was granted on October 5, 2017. (Doc. 17). In that decision, Plaintiff was advised that she was now representing herself *pro se*, and that she was required to follow all Court rules and applicable laws, including filing an Opening Brief. She was ordered to file her Opening Brief no later than November 24, 2017. (Doc. 17, pg. 3, lines 8-14). To date, Plaintiff has not filed an Opening Brief pursuant to this Court's order.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to

1

comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*, 963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

///

///

///

///

///

///

///

**ORDER**

Given the above, Plaintiff is ordered to show cause why this case should not be dismissed for a failure to comply with this Court's order. Plaintiff is ORDERED to file a written response to this Order to Show Cause **no later than December 15, 2017**. In the alternative, Plaintiff may file the Opening Brief by that same date. ***Plaintiff is advised that failure to file a timely response to this order will result in dismissal of this action.*** The Clerk of the Court is ordered to serve this OSC on Plaintiff as the address listed on the docket.

IT IS SO ORDERED.

Dated: __**November 29, 2017**__                    __/s/ Gary S. Austin__
                                                                     UNITED STATES MAGISTRATE JUDGE

3