# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OLIVIA REFUGIO CISNEROS DE RIOS,<br><br>Plaintiff,<br><br>v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>Defendant. | **16-cv-1775 GSA**<br><br>**ORDER DISMISSING THIS CASE FOR FAILULRE TO FOLLOW A COURT ORDER** |

On November 22, 2016, Plaintiff filed a complaint challenging a denial of her Social Security benefits. (Doc. 1). On November 23, 2016, the Court issued a scheduling order setting the briefing deadlines in this case. (Doc. 5). On December 12, 2016 and January 11, 2017, the parties consented to magistrate judge jurisdiction. (Docs.7 and 8).

On July 21, 2017, the Court issued an order extending the time for Plaintiff to file her Opening Brief to August 18, 2017. (Doc. 14). On August 18, 2017, Plaintiff's counsel filed a Motion to Withdraw as Attorney (Doc. 15), advising the Court that she has been unable to reach Plaintiff since May 15, 2017, despite several efforts to contact her. On August 23, 2017, this Court ordered Plaintiff to respond to counsel's motion no later than September 22, 2017. (Doc. 16). Plaintiff never filed a response to the motion as ordered. The Motion to Withdraw as Counsel was granted on October 5, 2017. (Doc. 17). In that decision, Plaintiff was advised that she was representing herself *pro se*, and that she was required to follow all Court rules and

1

applicable laws, including filing an Opening Brief. She was ordered to file her Opening Brief no later than November 24, 2017, and was advised that failure to do so would result in dismissal of this action. (Doc. 17, pg. 3, lines 8-14). Plaintiff did not file an Opening Brief as ordered.

On November 29, 2017, this Court issued an Order to Show Cause Why this Case Should Not Be Dismissed For Failure to Comply with this Court's Order. ("OSC"). (Doc. 19). Plaintiff was ordered to file a response no later than December 15, 2017. To date, Plaintiff has not responded to the Court's OSC.

Rule 110 of this Court's Local Rules provides that the "failure of counsel or of a party to comply … with any order of the Court may be grounds for imposition by the Court of any and all sanctions … within the inherent power of the Court." This Court has the inherent power to manage its docket. *Thompson v. Housing Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action for lack of prosecution, failure to obey a court order, or failure to comply with local rules, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *Ghazal*i, 46 F.3d at 53; *Ferdik*,

2

963 F.2d at 1260-61; *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423-24.

Here, the Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal because there is no indication that the Plaintiff intends to prosecute this action. For example, Plaintiff lost contact with her attorney who has now withdrawn from the case. Plaintiff never responded the Motion to Withdraw as Counsel, nor did she file an Opening Brief as ordered. (Docs. 15 and 17). Similarly, Plaintiff has not responded to this Court's OSC. (Doc. 19).

The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from any unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal. Finally, a court's warning to a party that his failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. *Ferdik*, 963 F.2d at 1262; *Henderson*, 779 F.2d at 1424. Here, the order setting the deadline for her to file her Opening Brief and the OSC both advised Plaintiff that a failure to comply with the Court's order would result in dismissal of this action. (Doc. 17; pg.3 and Doc. 19, pg. 3). Given Plaintiff's numerous failures to comply, no lesser sanction is available.

///

///

///

///

///

///

///

**ORDER**

Given the above, this Court orders that this action be DISMISSED for Plaintiff's failure to comply with a court order. The Clerk of the Court is directed to close this action. This action terminates this case in its entirety.

IT IS SO ORDERED.

    Dated: __**December 21, 2017**__                 __**/s/ Gary S. Austin**__
                                                                               UNITED STATES MAGISTRATE JUDGE